# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

NEENIE GILMORE,
> Appellant,

v.

DEPARTMENT OF DEFENSE,
> Agency.

DOCKET NUMBER
PH-0752-20-0388-C-1

DATE: January 12, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Ralph B. Pinskey, Esquire, Harrisburg, Pennsylvania, for the appellant.

Karen L. Saxton, Esquire, New Cumberland, Pennsylvania, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**ORDER**

The appellant has filed a petition for review of the compliance initial decision, which denied the appellant's petition for enforcement of the underlying initial decision mitigating her removal to a 15-day suspension. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the compliance initial decision, and find the agency in partial noncompliance with the initial decision.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The agency's Defense Logistics Agency (DLA) employs the appellant as a WG-5 Distribution Process Worker. *Gilmore v. Department of Defense*, MSPB Docket No. PH-0752-20-0388-I-1, Initial Appeal File (IAF), Tab 4 at 12. In late March and early April 2020, the appellant made remarks at her place of work, the DLA's Defense Distribution Center in New Cumberland, Pennsylvania, suggesting she had COVID-19 and could spread the virus to others. IAF, Tab 5 at 14-15, Tab 35, Initial Decision (ID) at 6-9. At the time she made these statements, she had neither tested nor sought medical treatment for the virus. IAF, Tab 5 at 14, 27. On April 14, 2020, the Commanding Colonel for the New Cumberland Defense Distribution Center issued a bar order denying the appellant access based on her COVID-related statements. *Gilmore v. Department of Defense*, MSPB Docket No. PH-0752-20-0388-C-1, Compliance File (CF), Tab 1 at 26-27. According to the appellant, as a result of this bar order, the agency placed her on administrative leave on the same day. CF, Tab 22 at 3. The agency has not disputed this assertion. The agency removed the appellant from her position based on the same comments, effective June 27, 2020. *Id.*

The appellant filed an appeal of her removal. IAF, Tab 1 at 4. The administrative judge issued an initial decision finding the agency proved its charge but that the maximum reasonable penalty was a 15-day suspension. ID at 6-10. He ordered the agency to cancel the removal and substitute a 15-day unpaid suspension in its place, and to pay the appellant back pay and benefits. ID at 10-11. Because neither party filed a petition for review, the initial decision became the final order of the Board on April 20, 2021. ID at 13; *see* 5 C.F.R. § 1201.113(a)-(c) (providing that an initial decision generally becomes the Board's final decision if neither party files a timely petition for review).

Following the initial decision, on May 10, 2021, the agency placed the appellant in the same position, but reassigned her to a different facility due to the bar order. CF, Tab 4 at 15. Specifically, it reassigned her to its Mechanicsburg

Installation, located in Mechanicsburg, Pennsylvania. *Id.* The agency asserted, and the appellant did not dispute below and has not disputed on review, that the two facilities are within 10 miles of each other. *Id.* at 7. The base pay for the two facilities is the same, but the locality pay for the Mechanicsburg Installation is lower than that for the New Cumberland Defense Distribution Center. CF, Tab 1 at 34. In addition, the union that represents employees in the appellant's position differs between the two facilities. *Id.*

The appellant filed the instant petition for enforcement arguing that, for a variety of reasons, her reassignment to the Mechanicsburg Installation was improper and that she was entitled to back pay representing the difference in locality pay between the two facilities. CF, Tab 1 at 5, Tab 22 at 2, 4-8, 10-11. She argued, in the alternative, that she should have received the promotion she anticipated before her removal. CF, Tab 1 at 22 at 3, 11-12.

The administrative judge found that the Board lacks jurisdiction over the bar order, the appellant's reassignment to the Mechanicsburg Installation, and the difference in locality pay. CF, Tab 25, Compliance Initial Decision (CID) at 3-4. He considered the appellant's claim that the base bar was a constructive suspension, but concluded that the appellant untimely raised this claim by not raising it in her underlying removal appeal. CID at 4. Finally, the administrative judge found that the appellant's claim that she was about to receive a promotion prior to her removal was not a basis for relief because it was "hardly a done deal." CID at 5.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. She only appears to contest the agency's continued failure to return her to her position at the New Cumberland Defense Distribution Center.[2] *Id.* She asserts that the base bar has since been lifted but she still has not been

_____

[2] The appellant does not dispute the administrative judge's finding that she was not entitled to a promotion. The Board normally will consider only issues raised on review. 5 C.F.R. § 1201.115. We decline to revisit the promotion issue here.

returned to her prior duty station. *Id.* at 5-6. The agency has responded to the appellant's petition for review, and the appellant has replied. PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board has jurisdiction to determine whether the appellant was returned to the status quo ante when reassigned immediately after reinstatement.

The administrative judge found that the Board lacks jurisdiction over the base bar, and thus the appellant's reassignment to the Mechanicsburg Installation and the appellant's assertion that the base bar violated agency policy. CID at 3-4. The appellant disputes this finding on review, arguing that the agency must lift the base bar in order to provide her with status quo ante relief because, as a result of the reassignment, she receives lower locality pay and the union that represents her has changed. PFR File, Tab 1 at 2-6. We find that the Board has jurisdiction over the appellant's reassignment to the Mechanicsburg Installation in the context of this compliance appeal.

As the administrative judge correctly observed, the Board does not have jurisdiction over the appellant's reassignment that results in a lower rate of locality pay as an otherwise appealable action. The Board generally has jurisdiction under chapter 75 over an employee's reduction in pay. *Zajac v. Department of Agriculture*, 112 M.S.P.R. 160, ¶ 9 (2009). However, such jurisdiction does not extend to reductions in locality pay that result, as here, from an assignment to a new locality pay area. *Id.*, ¶¶ 11-15 (2009).

Further, we find that the Board lacks jurisdiction over the appellant's claim that the base order was a constructive suspension. CID at 4; IAF, Tab 22 at 4-5. The administrative judge concluded that the appellant untimely raised this claim. However, in constructive adverse action appeals, in which an appellant alleges that her leave, resignation, or retirement was involuntary, the dispositive issue before the Board is jurisdictional. *Delorme v. Department of the Interior*, 124 M.S.P.R. 123, ¶ 18 (2017). Therefore, we do not reach the timeliness issue. If the base bar required the appellant to use sick leave or annual leave, or be in a

leave without pay status, for a period exceeding 14 days, she would have been subjected to a constructive suspension appealable to the Board. *LaMell v. Armed Forces Retirement Home*, 104 M.S.P.R. 413, ¶ 9 (2007). However, placement on paid administrative leave is not appealable. *Id.*, ¶ 8. Here, according to the appellant, the agency placed her on paid administrative leave as a result of the bar order. CF, Tab 22 at 3. She indicated that the administrative leave only ended when the agency effectuated her removal. *Id.* at 4. Therefore, the Board is without jurisdiction to review the bar order as an alleged constructive suspension.

However, the Board has jurisdiction in this compliance matter over whether the appellant has received status quo ante relief. *Kerr v. National Endowment for the Arts*, 726 F.2d 730, 732-33 (Fed. Cir. 1984). Status quo ante relief places the appellant, as nearly as possible, in the situation she would have been in had the wrongful personnel action not occurred. *Gorny v. Department of the Interior*, 115 M.S.P.R. 520, ¶ 5 (2011) (citing, along with another case, *Kerr*, 726 F.2d at 733). Analogous cases make clear that the appellant did not receive such relief here. For example, the Board found that returning an appellant to a different floor, resulting in her physical separation and isolation from coworkers who performed the same duties, was not status quo ante relief. *Id.*, ¶¶ 3, 9, 12, 14. Similarly, it determined that reassignment to a different shift that resulted in the loss of a pay differential did not meet the status quo ante standard. *Clemons v. Smithsonian Institution*, 50 M.S.P.R. 74, 78 (1991). Thus, we conclude that returning the appellant to a different facility with different union representation and locality pay was not status quo ante relief.

The bar order was not a compelling reason, or overriding interest, for not returning the appellant to her prior duty station.

If an agency does not return an employee to her former position, it must show, as relevant here, that it has a strong overriding interest or compelling reason requiring reassignment to a different position. *Gorny*, 115 M.S.P.R. 520, ¶ 6. Below, the administrative judge found that the Board lacks jurisdiction over

the merits of a bar order, suggesting it was a security clearance determination. CID at 3-4 (citing, among other cases, *Department of the Navy v. Egan*, 484 U.S. 518, 525-34 (1998) (holding that the Board lacks jurisdiction to review and a security clearance determination). He also found that due to the base bar, the agency was not obligated to return the appellant to her prior duty station. CID at 4. The appellant asserts on review, and the agency concedes, that the base bar has since been lifted and she still has not returned to her prior duty station. PFR File, Tab 1 at 5-6, Tab 3 at 6. The agency responds that the administrative judge properly determined that the Board lacks jurisdiction over the bar order. PFR File, Tab 3 at 5, 7. We are not persuaded.

The agency defines a security clearance as a "determination . . . that an individual is eligible for access to national security information." Department of Defense (DOD) Manual 5200.02, Procedures for the DOD Personnel Security Program at 84 (Oct. 29, 2020), https://www.esd.whs.mil/Portals/54/Documents/ DD/issuances/dodm/520002m.PDF; *see Rogers v. Department of Defense*, 122 M.S.P.R. 671, ¶ 2 n.1 (2015) (citing a prior version of the agency's manual for a similar definition). According to the agency, such information "has been determined, pursuant to [Executive Order] 13526, to require protection against unauthorized disclosure." DOD Manual 5200.02, at 82. The cited Executive Order is also concerned with the protection of information. Exec. Order No. 5,366, 75 Fed. Reg. 707, 727 (Dec. 29, 2009) (defining "[c]lassified national security information" as information that "has been determined . . . to require protection against unauthorized disclosure."); Exec. Order No. 13,526, 75 Fed. Reg. 1,013 (Dec. 29, 2009) (correcting the date of the President's signature). There is nothing in these materials that discusses access to facilities.

The bar order at issue here concerns the appellant's ability to enter the New Cumberland Defense Distribution Center. CF, Tab 1 at 26. In issuing the bar, the Commanding Colonel relied on 50 U.S.C. § 797. *Id.* That statute provides that it is a misdemeanor to violate agency orders regarding, as relevant here,

entering physical locations such as forts and bases. 50 U.S.C. § 797(a)(1), (2) (A), (3)(A), (4)(A), (C)-(D). It does not address access to information. Therefore, we find that the bar order was not a security clearance determination, and the Board does not lack jurisdiction over it on that basis. To the extent that the agency relies on the initial decision issued in another case to argue the contrary position, we are not persuaded. PFR File, Tab 3 at 5 (citing *Root v. Department of the Army*, MSPB Docket No. SF-0752-20-0172-I-1, Initial Decision at 6-7 (Aug. 19, 2020)). Initial decisions are of no precedential value, and cannot be cited or relied upon as controlling authority. *Fitzgerald v. Department of the Air Force*, 108 M.S.P.R. 620, ¶ 15 (2008).

The Board has previously examined whether a bar order serves as a compelling reason for not returning the appellant to her prior duty station. *Galliart v. Department of the Treasury*, 84 M.S.P.R. 15, ¶ 16 (1999), *aff'd per curiam*, 232 F.3d 911, 2 (Fed. Cir. 2000) (Table). In *Galliart*, the agency was located on a Naval Air Station. *Id.*, ¶¶ 2, 12. The commander of that base, rather than the employing agency, barred the appellant's access to the base. *Id.*, ¶¶ 12-15. The Board found that the agency established that the appellant's actions and the resulting barring order constituted overriding circumstances for not restoring him to his former position after his removal was mitigated to a demotion. *Id.*, ¶ 16. In so finding, it reasoned that the bar order was issued by the agency's host organization and was based on actions unrelated to the cancelled removal at issue. *Id.*, ¶¶ 12, 15.

This case differs from *Galliart* as to both agency control over and the reasons for the bar order. Further, these distinctions are material to the outcome here. An agency cannot refuse to comply with a Board reinstatement order based on reasons that were rejected by the Board in the decision reversing the action. *Doe v. Department of Justice*, 95 M.S.P.R. 198, ¶ 14 (2003). The record establishes that the New Cumberland facility Commanding Colonel barred the appellant from reentry before she was removed based on her making "several

threatening statements to installation employees concerning intentionally infecting personnel with the COVID-19 virus" between March 30 and April 6, 2020. CF, Tab 1 at 26-27. The agency subsequently removed her for conduct unbecoming a Federal employee based on the same statements. IAF, Tab 4 at 14-15, Tab 5 at 14-15.

In mitigating the removal to a 15-day suspension, the administrative judge found that the appellant made four comments about COVID, as alleged by the agency. ID at 6-9. However, he determined that the agency failed to prove that the appellant intended two of her comments to be perceived as threats, and they were not perceived as such by the listeners. ID at 6-8. He found that the agency proved that the remaining two comments were unbecoming a Federal employee. ID at 8-9. He concluded that the maximum reasonable penalty for these two comments was a 15-day suspension, reasoning in part that he had determined that the agency had not proven its most serious allegations. ID at 9-10. In essence, he rejected that a penalty greater than a 15-day suspension was warranted. The agency effectively increased the penalty based on the same alleged misconduct by reassigning the appellant to a different facility. *Cf. Wilson v. Department of Veterans Affairs,* 74 M.S.P.R. 65, 69 n.2 (1997) (stating that in ruling on the penalty in a demotion appeal, the administrative judge was required to consider the appropriateness of an appellant's reassignment, as well as the demotion, if the reassignment was clearly a part of the penalty imposed).

Further, the New Cumberland Defense Distribution Center is a DLA facility and the appellant is employed by DLA. CF, Tab 1 at 17-20; *see* Defense Logistics Agency, DLA Distribution Susquehanna, Pa., https://www.dla.mil/Distribution/Locations/Susquehanna/ (reflecting that the New Cumberland Defense Distribution Center is a DLA facility) (last visited Jan. 12, 2024). Although it has now restored the appellant's access to the base, it still has not returned her to her prior duty station. We find that, by failing to immediately lift the bar order, and by continuing to have the appellant work at the Mechanicsburg

Installation, the agency is in violation of the initial decision cancelling the appellant's removal. ID at 10.[3]

As a result of this order, the agency must pay additional back pay.

The agency asserted below that it fully paid the appellant back pay on October 1, 2021. CF, Tab 21 at 6-7. The administrative judge did not address the back pay issue in the initial decision. However, he stated in a status conference summary that "[t]he back pay issue is largely resolved." CF, Tab 19. The appellant does not argue on review that she was not paid back pay or interest on back pay, or that the agency improperly calculated any payment. Nonetheless, in light of our finding, above, that the agency was required to immediately lift the bar order and return the appellant to her prior duty station, we revisit the back pay issue here.

The appellant argued below that she was entitled to back pay representing the difference in pay between the two facilities. CF, Tab 22 at 2. The agency argues on review that it was justified in failing to lift the base order unilaterally immediately upon reinstating the appellant. PFR File, Tab 3 at 6. It reasons that it was not required to lift the bar until the appellant filed an appeal of the bar order within the DLA, consistent with the procedures set forth in the order. *Id.* at 6; CF, Tab 1 at 26. The administrative judge agreed with this reasoning. CID at 4. We do not.

The Board has a broad authority to order corrective action in cases of noncompliance pursuant to any matter within its jurisdiction. *Lua v. Office of Personnel Management*, 102 M.S.P.R. 108, ¶ 8 (2006) (citations omitted). This

---

[3] The appellant argues in her reply that her reassignment to the Mechanicsburg Installation was the result of harmful error. PFR File, Tab 4 at 8-10. However, she did not raise this argument in her petition for review and the agency did not address the issue in its response. A reply is limited to the factual and legal issues raised by another party in the response to the petition for review. *Lin v. Department of the Air Force*, 2023 MSPB 2, ¶ 8 n.4; 5 C.F.R. § 1201.114(a)(4). It may not raise new allegations of error. *Lin*, 2023 MSPB 2, ¶ 8 n.4; 5 C.F.R. § 1201.114(a)(4). Accordingly, we will not consider the appellant's harmful error argument here.

authority extends to ordering the agency to restore to the appellant all of the essential privileges of her previous position. *Black v. Department of Justice*, 85 M.S.P.R. 650, ¶¶ 6-8 (2000). The agency has the burden of proving its compliance with a Board final decision with the support of relevant, material, and credible evidence. *Rittgers v. Department of the Army*, 123 M.S.P.R. 31, ¶ 11 (2015). Here, the agency does not claim or provide evidence that the appellant's request to lift the bar order is a necessary prerequisite to lifting it. CF, Tab 4 at 7; PFR File, Tab 3 at 5-6. Nor has it explained why it did not return the appellant to her prior duty station, which is a privilege of her employment.

In the bar order, the agency cited 50 U.S.C. § 797, as the basis for its authority. CF, Tab 1 at 26. However, that provision does not set forth procedures for lifting a bar order. At most, it reflects that a military commander may promulgate an order concerning the security of agency property, and that violating such an order is a misdemeanor. 50 U.S.C. § 797(a)(1), (2)(A), (3), (4)(A), (D). Because the agency has not provided any evidence or legal authority explaining its position, we find that it did not meet its burden to justify its noncompliance with the order to cancel the removal. We acknowledge that the agency has partially complied with this order because it is undisputed that it paid some of the back pay owed to the appellant. Nonetheless, it must now pay the amount representing the difference between what the appellant was paid for the back pay period and what she would have made had she been properly restored to the New Cumberland Defense Distribution Center.

Accordingly, we order the agency to return the appellant to her position at the New Cumberland Defense Distribution Center and to pay appropriate back pay, interest on back pay, and and/other benefits.

## ORDER

We ORDER the agency to submit to the Clerk of the Board within 60 days of the date of this Order satisfactory evidence of compliance as described herein.

This evidence shall adhere to the requirements set forth in 5 C.F.R. § 1201.183(a) (6)(i), including submission of evidence and a narrative statement of compliance. The agency must serve all parties with copies of its submissions.

**The agency's submission should be filed under the new docket number assigned to the compliance referral matter, PH-0752-20-0388-X-1.** All subsequent filings should refer to the compliance referral docket number set forth above and should be faxed to (202) 653-7130 or mailed to the following address:

Clerk of the Board
U.S. Merit Systems Protection Board
1615 M Street, N.W.
Washington, D.C. 20419

Submissions may also be made by electronic filing at the MSPB's e-Appeal site (https://e-appeal.mspb.gov) in accordance with the Board's regulation at 5 C.F.R. § 1201.14.

The appellant may respond to the agency's evidence of compliance within 20 days of the date of service of the agency's submission. 5 C.F.R. § 1201.183(a) (8). If the appellant does not respond to the agency's evidence of compliance, the Board may assume that she is satisfied with the agency's actions and dismiss the petition for enforcement.

The agency is reminded that, if it fails to provide adequate evidence of compliance, the responsible agency official and the agency's representative may be required to appear before the General Counsel of the Merit Systems Protection Board to show cause why the Board should not impose sanctions for the agency's noncompliance in this case. 5 C.F.R. § 1201.183(c). The Board's authority to impose sanctions includes the authority to order that the responsible agency official "shall not be entitled to receive payment for service as an employee during any period that the order has not been complied with." 5 U.S.C. § 1204(e) (2)(A).

This Order does not constitute a final order and is therefore not subject to judicial review under 5 U.S.C. § 7703(a)(1). Upon the Board's final resolution of

the remaining issues in this petition for enforcement, a final order shall be issued which shall be subject to judicial review.

*Jennifer Everling*

FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.